[Crim. No. 8617.   Second Dist., Div. Three.   Dec. 2, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES WILLIE STATEN, Defendant and Appellant.

Harvey Fierstein, under appointment by the District Court of Appeal, and Fierstein & Dolin for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Appellant James Staten was charged by an information with two counts of robbery. It was alleged that he was armed with a deadly weapon, a revolver. Appellant waived a trial by jury and was found guilty as charged by the court and sentenced to the state prison.

Appellant raises two contentions on appeal: (1) The judge's use as evidence against him of the inference to be drawn from his failure to take the stand and testify in his own behalf, in violation of the rules laid down in *Griffin* v. *California,* 280 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106], and (2) inadequacy of his representation by counsel.

The facts revealed that a dice game was going on in the back room of a service station in South Los Angeles. Three men entered the back room. One of them was armed with a revolver, another with a shotgun. The three proceeded to rob

several of those present, taking cash and jewelry. The three robbers then fled. Only two of the victims of the robbery were called to testify for the People at the trial. Both positively identified appellant as the robber with the revolver. Two other victims testified for the defense, with somewhat less certainty, that Staten was not one of the robbers.

Appellant failed to take the stand in his own behalf and in rendering his decision the judge relied upon that fact in determining which witnesses were to be believed. After the arguments of counsel the court began its comments with the statement ''The Court was going to comment on the failure of the defendant to take the stand as one of the circumstances in this case.'' Further on in his comments the trial judge stated, ''The defendant has called only these two witnesses in his own behalf.'' Still further on, ''Notwithstanding the eyewitness, sworn testimony of these two witnesses, Mr. Garr and Mr. Mayfield, to the commission of these acts, the defendant has failed to testify in his own behalf. . . . But, as is always pointed out to a jury where a defendant doesn't testify as to any evidence or facts against him which the defendant can reasonably be expected to deny . . . the jury—and in this case, of course, the Court, there being no jury—may take that failure into consideration as tending to indicate the truth of such evidence and as indicating that among the inferences that may be reasonably drawn therefrom those unfavorable to the defendant are the more probable. . . . However, as the Court pointed out, in this case we have the positive, unqualified identification of this defendant by two witnesses, at least one of whom saw him one week before the incident in question. Both of them testify as to facts and actions on the part of the defendant, and the defendant has not taken the stand to refute any of those statements. The Court is satisfied from all the evidence and beyond a reasonable doubt of the guilt of the defendant. The Court finds the defendant, James Staten, guilty . . . and fixes the degree of robbery as robbery of the first degree.''

It is apparent from the trial court's remarks that it gave effect to defendant's failure to take the stand as circumstantial evidence against defendant. At the time of the trial this was a permissible practice but it has since been condemned in *Griffin* v. *California, supra,* 380 U.S. 609 and *People* v. *Modesto,* 62 Cal.2d 436 [42 Cal.Rptr. 417, 398 P.2d 753]. The use as evidence against defendant of his reliance upon his constitutionally protected right against self-incrimi-

nation was error. In this instance the error caused a miscarriage of justice within the definition of that term as given in *People* v. *Watson*, 46 Cal.2d 818 [299 P.2d 243]. There was a sharp conflict in the identification by the four victims-witnesses, two of them, Garr and Mayfield, who were robbed saying defendant was the robber, two saying he was not the robber. It cannot be doubted that defendant's failure to testify was a potent factor in leading the court to believe the two witnesses who identified defendant. That the weight given that factor overcame the presumption of innocence and the testimony of defendant's witnesses clearly appears from the remarks with which the judge opened and closed his summation. It is not improbable that a result more favorable to defendant would have been reached if the court had not given effect to defendant's failure to testify as evidence of his guilt.

In view of the fact that the judgment must be reversed it is not necessary to rule upon the contention that the attorney for defendant did not engage in a more critical cross-examination of the People's witnesses in an effort to develop some weakness in their identification of defendant. But since his failure to conduct a more rigorous cross-examination is severely criticized it is of interest to note that he may have had good reason for limiting his cross-examination. The district attorney asked Garr how defendant was dressed at the time of the robbery and also as to the circumstances of Garr's identification of defendant in a lineup. In each case the court interrupted to say that it was a matter for cross-examination. While cross-examination is an effective weapon there is always danger it may backfire and we cannot see a reason for criticizing defendant's attorney for avoiding a description of the way defendant was dressed and the details of his identification by Garr in the lineup when it was obvious that the district attorney believed that additional evidence along those lines would strengthen the People's case. In any event we would have no suggestions with respect to the cross-examination of witnesses in a retrial.

The judgment is reversed.

Ford, J., and Kaus, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 26, 1966. McComb, J., Mosk, J., and Burke, J., were of the opinion that the petition should be granted.